UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20219-CIV-MORENO/SIMONTON

CLAUDELLE BELFLEUR, on behalf of himself
and other employees similarly situated

    Plaintiff,

v.

SALMAN MAINTENANCE SERVICE, INC.,
d/b/a SALMAN LANDSCAPE SERVICES;
ARBOR TECH OF MIAMI, INC., and
MARIO SALMAN,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

Presently pending before the Court is Plaintiff's Motion To Compel Interrogatory Responses From Both Corporate Defendants (DE # 35). This motion is referred to the undersigned Magistrate Judge (DE # 43). The motion is fully briefed (DE ## 39, 42). For the reasons stated below, Plaintiff's motion is granted.

I. **Background**

Plaintiff is proceeding under a five count Amended Complaint, in which he alleges that, beginning in April 2004, Defendants employed him as a tree trimmer and driver. Plaintiff further contends that: 1) Defendants failed to pay him minimum wage, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 206 (Count I); 2) Defendants failed to pay him promptly, in violation of 29 U.S.C. § 206 (Count II); 3) Defendants failed to pay him overtime, in violation of 29 U.S.C. § 207 (Count III); 4) Defendants failed to pay him minimum wage, in violation of Article X, 24, Fla. Constitution; and 5) Defendants failed to pay overtime to their tree trimmers and drivers, and, therefore, Plaintiff seeks to make this a collective action (Count V). The Amended Complaint also alleges that

**Defendants were enterprises engaged in interstate commerce (DE # 22 at 2, ¶1).**

**Defendants Salman Maintenance Service, Inc., and Arbor Tech of Miami, Inc., (hereafter the corporate Defendants), each filed an Answer to the Amended Complaint which included the affirmative defense that the corporate Defendants were not involved in an enterprise engaged in commerce, and so the Amended Complaint should be dismissed against them for lack of subject-matter jurisdiction (DE ## 24, 25).**

**II.  The Motion**

**The undersigned will examine each of the disputed discovery requests individually, or in a group if the subject matter of individual discovery requests is similar.[1]**

**A.  Interrogatories**

**1.  Interrogatory 3**

**In this interrogatory, Plaintiff sought all information about Plaintiff and opt-in plaintiffs that is required to be kept by 29 C.F.R. § 516.2(a), and that all documents relied on in making the response be identified.  The corporate Defendants stated that in lieu of responses, they had produced or would produce records which fully disclosed all information to the extent such information was known or available.**

**Plaintiff stated that while Defendant Salman Maintenance produced approximately 200 pages of records, the documents did not: 1) set forth Plaintiff's occupation (subpart 1); 2) clearly indicate the time of day and day of the week on which Plaintiff's workweek began (subpart 2); 3) show the regular hourly rate of pay for any workweek in which overtime was due (subpart 3); 4) explain the basis of pay showing the monetary amount**

---

[1] **Plaintiff has withdrawn the portion of its motion seeking to compel a better response to Interrogatory 7 (DE # 42 at 3).**

paid per hour, per day and per week (subpart 4); and 5) do not indicate which days the payment was meant to cover (subpart 11).

Plaintiff further stated that while Defendant Arbor Tech produced some documents, the documents did not: 1) set forth Plaintiff's occupation (subpart 1); 2) clearly indicate the time of day and day of the week on which Plaintiff's workweek began (subpart 2); 3) show the regular hourly rate of pay for any workweek in which overtime was due (subpart 3); 4) explain the basis of pay showing the monetary amount paid per hour, per day and per week (subpart 4); and 5) do not indicate which days the payment was meant to cover (subparts 6-11).

Moreover, Plaintiff contends that the corporate Defendants completely failed to respond to this interrogatory with respect to the three putative opt-in plaintiffs, Nathaniel Charles, Plesime Dieucelhomme and Roger Mariala.

The corporate Defendants respond that they have already produced more than 200 pages of records which are all of the corporate records maintained regarding Plaintiff's employment history with the corporate Defendants.  The corporate Defendants also state that additional information and clarification was already obtained in Plaintiff's depositions of Defendant Mario Salman, and of Plaintiff's supervisor, Edward Mesis. The corporate Defendants state that the putative opt-in plaintiffs are not Plaintiffs in this action and the information requested as to them is irrelevant and over-burdensome.

Plaintiff replies that the corporate Defendants have not provided any authority to support their proposition that the fact that Plaintiff has conducted depositions relieves the corporate Defendants from fully responding to the interrogatories.  Plaintiff also contends that the corporate Defendants waived any opposition to producing discovery regarding the putative opt-in plaintiffs by failing to object on that ground in their

interrogatory responses. Plaintiff reiterates that the documents provided by the corporate Defendants are inadequate, and that Plaintiff cannot, for example, look at the documents and discern the regular hourly rate of pay for any workweek in which overtime was due.

Based upon a review of the record as a whole, the undersigned agrees with Plaintiff that better answers is required. Although under certain circumstances it is permissible to answer interrogatories by referring to the production of documents, those circumstances are not present in the case at bar, based on the state of the records produced. Thus, the undersigned will not permit the corporate Defendants to rely on document production to respond to this interrogatory, but must obtain the information through investigation and respond.

Moreover, although in some instances the Court will permit the answer to an interrogatory to be more fully explained in a corporate representative's deposition, that circumstance is also absent in the case at bar. The undersigned notes that neither excerpts from nor copies of portions of the transcripts which allegedly answer the interrogatories at issue in this case have been presented to the Court. Even assuming that answers were provided at the deposition, it is not unduly burdensome to require answers to these straightforward questions to be provided in the clear context of an answer to the interrogatories. This will facilitate the use of these answers at trial, and minimize the risk that the deponent may "back away" from an answer given during the course of a deposition on grounds of confusion, misrecollection, or misunderstanding. Thus, under the circumstances of this case, the fact that Plaintiff has taken the deposition of the individual Defendant and of Plaintiff's former supervisor does not excuse the corporate Defendants from providing full and complete interrogatory

responses, which may require a second deposition of certain individuals.

Moreover, the better answers must include information concerning the putative opt-in plaintiffs. The putative opt-in plaintiffs may also be witnesses concerning Plaintiff's cause of action, and may be able to testify to corroborate Plaintiff's claims. Finally, the corporate Defendants have not established that it would be unduly burdensome to answer the interrogatory. The requested information regarding the putative opt-in plaintiffs may lead to admissible evidence and must be produced.

On or before September 17, 2007, the corporate Defendants must provide better answers to Interrogatory 3.

2. **Interrogatory 5**

In this interrogatory, Plaintiff seeks to have the corporate Defendants detail: all procedures and methods by which they recorded the time and hours worked by their employees, who was involved in preparing the time records; the procedures followed to ensure accuracy; how each corporate Defendant monitored and recorded hours worked pre-shift, during lunch and post-shift; and to identify all documents relied upon in the response. Defendant Salman Maintenance answered that there was no time clock, employees were to report at 7:00 a.m. and work to 3:00 p.m. with a half-hour break for lunch and employee attendance was recorded in Defendant's computer by employees assigned to that task. Defendant Arbor Tech answered that there was no time clock and employee attendance was recorded in Defendant's computer by employees assigned to that task.

Plaintiff contends that the response doesn't: 1) address the procedures actually used to record time worked; 2) provide the names of the individuals preparing the time records; 3) state how the accuracy of the time records is insured; 4) or address how the

5

corporate Defendants monitored time worked off-shift or during lunch.

The corporate Defendants respond that their procedures have been fully explained in the interrogatory answer, in the documents already provided, or in the depositions taken by Plaintiff.

Plaintiff replies that the corporate Defendants have not provided any authority to support their proposition that the fact that Plaintiff has conducted depositions relieves the corporate Defendants from fully responding to the interrogatories.

The undersigned again agrees with Plaintiff that, under the circumstances of this case, better answers are required.  Again, the corporate Defendants may not rely on document production to respond to this interrogatory, but must obtain the information through investigation and then respond in writing to the interrogatory.  The fact that Plaintiff has taken the deposition of the individual Defendant and of Plaintiff's former supervisor does not excuse the corporate Defendants from providing full and complete interrogatory responses, which may require a second deposition of certain individuals.

Therefore, on or before September 17, 2007, the corporate Defendants must provide better answers to Interrogatory 5.  These better answers must: 1) address the procedures actually used to record time worked; 2) provide the names of the individuals who prepared the time records; 3) state how the accuracy of the time records was insured; 4) and address how the corporate Defendants monitored time worked either off-shift or during lunch.

3.  **Interrogatory 6**

In this interrogatory, Plaintiff asks the corporate Defendants to set forth all facts and legal justification supporting each and every Affirmative Defense, and to identify all documents relied upon in the response.  The corporate Defendants responded that they

do not require their employees to work overtime, pay all employees for all hours worked and pay all employees more than minimum wage.  The corporate Defendants also stated that in lieu of a further response, they had produced or would produce records which fully disclosed all information to the extent such information was known or available.

Plaintiff contends that these responses are deficient because they do not refer to any of the 18 specific affirmative defenses pled.

The corporate Defendants respond that all affirmative defenses are supported by the records they have produced, and also by the information obtained in the depositions taken by Plaintiff.

Plaintiff replies that the corporate Defendants have not provided any authority to support their proposition that the fact that Plaintiff has conducted depositions relieves the corporate Defendants from fully responding to the interrogatories.

Based upon a review of the record, the undersigned concurs with Plaintiff.  On or before September 17, 2007, the corporate Defendants must provide better answers to Interrogatory 6.  They must list each affirmative defense, and state what documents and what facts support each affirmative defense.  The trial in this case is set for late December 2007.  It is time for the corporate Defendants to state, with specificity, the basis for their contentions.  Once again, the corporate Defendants may not rely on document production to respond to an interrogatory, but must obtain the information through investigation and respond.  The fact that Plaintiff has taken the deposition of the individual Defendant and of Plaintiff's former supervisor does not excuse the corporate Defendants from providing full and complete interrogatory responses, which may require a second deposition of certain individuals.

B.  Requests For Production

1.  Request 1

In this request for production, Plaintiff requested all documents relating to Plaintiff and the putative opt-in plaintiffs employment schedules, rate of pay, hours worked, wages and breaks taken. The corporate Defendants responded that they would provide all documentation concerning Plaintiff, but would not provide documentation concerning the putative opt-in plaintiffs. The corporate Defendants also contended that the documents requested concerning the opt-in plaintiffs was not relevant, was not limited in scope or time, was burdensome and harassing.

Plaintiff contends that the requested documentation regarding the putative opt-in plaintiffs is relevant and should be provided immediately.

The corporate Defendants again respond that the putative opt-in plaintiffs are not parties to this action and record relating to their employment history is irrelevant. They state that producing more than 1,000 pages of irrelevant documents would be unduly burdensome.

Plaintiff replies that the corporate Defendants have not provided any authority to support their proposition that they are not required to produce documents relating to the putative opt-in Plaintiffs.

For the reasons previously stated, the undersigned finds that the records of the three putative opt-in plaintiffs are relevant to the claims of Plaintiff, or may lead to relevant admissible evidence. The putative opt-in plaintiffs may be witnesses, as well as putative parties, concerning Plaintiff's cause of action, and the documents relating to their employment may, at the least, lead to admissible evidence.

The corporate Defendants have not established that it would be unduly

burdensome to produce these records.  Merely stating that there are more than 1,000 pages of responsive documents relating to the putative opt-in plaintiffs does not show undue burden.  These three individuals are potential witnesses on behalf of Plaintiff, even assuming they are not permitted to join the action as parties.  Defendants are in possession of the requested documents, which may contain information relevant to impeach these witnesses, or corroborate their testimony.  Plaintiffs are entitled to discover this information, in the absence of undue burden.  The undersigned notes that this is a far different situation than what would be presented if Plaintiff sought this discovery with respect to numerous unidentified putative opt-in plaintiffs.  Thus, the requested responsive documents regarding the three identified putative opt-in plaintiffs must be produced.

On or before September 17, 2007, the corporate Defendants must provide better responses to Request for Production 1, which include information concerning the three identified putative opt-in plaintiffs.

   **2.  Requests 9, 10 and 11**

In request 9, Plaintiff seeks for the years 2003, 2004, 2005 and 2006 copies of all banking records for all bank accounts of the corporate Defendants.  In request 10, Plaintiff seeks, for the past four years, all documents referencing revenues, retail volume, gross receipts, net receipts, net revenues, business volume and business value for the corporate Defendants.  In request 11, Plaintiff seeks copies of all written contracts executed in the past three years, by or on behalf of the corporate Defendants, with any person, entity or corporation.  Plaintiff seeks this information for the purpose of

establishing enterprise coverage under FLSA.[2]

The corporate Defendants object that the requested documents are irrelevant and immaterial, that the request is vague and ambiguous, over-burdensome, seeking more than 1,000 documents, and harassing, and that the documents are confidential and are protected from discovery pursuant to the accountant-client privilege.[3]  The corporate Defendants contend that there are less intrusive means for Plaintiff to demonstrate that the corporate Defendants are covered enterprises under FLSA.

Plaintiff contends that the requested documents go directly to the finances and gross receipts of the corporate Defendants to show that they are enterprises engaged in commerce, having gross receipts of more than $500,000.00 per year.  Plaintiff notes that the corporate Defendants have denied that they are covered enterprises under FLSA.

The corporate Defendants state that their depositions have already been taken, and that Defendant Salman Maintenance admits revenues of about $1,200,000.00 per

---

[2]   FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce," such that it is covered by the Fair Labor Standards Act, if it meets the following criteria:

> (A) (i) has employees engaged in commerce or in the production of goods for commerce, or ... has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

29 U.S.C. § 203(s)(1).

[3]  Defendants did not re-assert the accountant-client privilege in their response to the motion to compel, and therefore abandoned this contention.

year, and Defendant Arbor Tech admits revenues of approximately $250,000.00 per year. The corporate Defendants state that in light of those admissions, the requests for production are overly burdensome, considering that they would have to produce approximately 4,000 pages of documents.

Plaintiff notes that the corporate Defendants have refused to stipulate to enterprise coverage, and have refused to remove from their affirmative defenses the defense that they are not subject to FLSA jurisdiction because they are not enterprises engaged in commerce. Therefore, Plaintiff contends he should be allowed to review the financial records of the corporate Defendants.

The undersigned concurs. On or before September 17, 2007, the corporate Defendants must produce the requested documents. The requested documents are relevant to the enterprise coverage issue.[4] Plaintiff is not limited in his discovery simply because the corporate Defendants have chosen to make certain limited admissions at depositions. Finally, the fact that the corporate Defendant would have to produce approximately 4,000 documents does not, standing alone, establish an undue burden.

C. <u>The Cross-Requests For Sanctions</u>

Plaintiff, pursuant to Fed.R.Civ.P. 37(a)(2)(b), requests the attorney's fees expended in making this motion in the amount of $1,380.00, representing 4.6 hours of time at an hourly rate of $300.00. The corporate Defendants request the attorney's fees expended in making this motion.

The undersigned finds that awarding the requested attorney's fees relating to this

---

[4] **If the corporate Defendants stipulate, in writing, to the facts that establish enterprise coverage, and agree that they are subject to the provisions of FLSA, before September 17, 2007, they will not have to produce the documents.**

**11**

motion to either Plaintiff or to the corporate Defendants is unjustified under the circumstances of this case.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion To Compel Interrogatory Responses From Both Corporate Defendants (DE # 35) is **GRANTED**. On or before September 17, 2007, the corporate Defendants must provide better answers to Plaintiff's interrogatories 3, 5 and 6, and better responses to Plaintiff's requests for production 1, 9, 10 and 11, as stated in the body of the Order. It is further

**ORDERED AND ADJUDGED** that Plaintiff's request for Rule 37 Sanctions (DE # 35) and the corporate Defendants' request for sanctions (DE # 39), are **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on September 5, 2007.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Federico A. Moreno
    Chief United States District Judge
All counsel of record